UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD HARRIS,<br><br>                Petitioner,<br><br>     v.<br><br>WASHINGTON STATE PENITENTIARY,<br><br>                Respondent. | CASE NO. 3:19-cv-05991-RJB-JRC<br><br>ORDER TO SHOW CAUSE AND FILE AMENDED PROPOSED PETITION |

This case has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

Petitioner filed a proposed § 2241 habeas petition and an application to proceed *in forma pauperis* ("IFP"). Dkts. 1, 3. Petitioner states in his IFP application that he cannot pay the $5.00 filing fee because of his legal financial obligations, cost of incarceration, and crime victim compensation expenses. *See* Dkt. 3, at 2. However, petitioner also states that he has a $121.00 net monthly salary. Dkt. 3, at 1. And petitioner's prison trust account statement reflects an average spendable balance of $80.14 for the most recent period. *See* Dkt. 3, at 3. Petitioner's trust account statement further indicates that his gross monthly income is over $200.00 and that,

at least for October 2019, his legal financial obligations, cost of incarceration, and crime victim compensation expenses totaled about $80.00. Dkt. 3, at 4. Because it appears that petitioner may have funds sufficient to pay the $5.00 filing fee, he should do so or provide the Court with an explanation of why he cannot.

Additionally, petitioner has filed a petition under "28 USC 2241" (emphasis removed), but a petition filed under 28 U.S.C. § 2254—not § 2241—is appropriate when a "person in custody pursuant to the judgment of a state court" seeks relief. *See Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018) (internal citation and quotations omitted). Here, petitioner says that he is imprisoned for life without the possibility of parole pursuant to a state court conviction for first-degree assault, so that proceeding under § 2254 appears appropriate. *See* Dkt. 1-1, at 1; *see also Dominguez*, 906 F.3d at 1137 (explaining that to decide if a petition should be brought under § 2254, "[w]hat matters is that the custody complained of is attributable in some way to the underlying state court judgment.").

If petitioner intends to pursue a habeas action attacking the validity of his confinement related to his first-degree assault conviction, then he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court or explain why a § 2241 petition, not a § 2254 petition, is appropriate. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement.

A § 2254 petition should also name the state officer who has custody over petitioner as the respondent—for instance, the superintendent of petitioner's institution. *See* Rule 2(a) of the Rules

Governing Section 2254 Cases. Petitioner should not name Washington State Penitentiary, which is not the appropriate respondent.

Accordingly, petitioner is ordered to provide an updated proposed habeas petition and to show cause why his IFP application should not be denied on or before **December 20, 2019**. In the alternative, petitioner may pay the $5.00 filing fee before that date and provide the court with an amended petition. Failure to show cause or to pay the amount and to provide an amended petition shall be deemed a failure to properly prosecute this matter, and the Court will recommend dismissal of this matter.

The Clerk's Office shall provide petitioner with the form for a § 2254 habeas petition.

Dated this 22nd day of November, 2019.

J. Richard Creatura
United States Magistrate Judge