UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD JAMES HARRIS,

      Petitioner,

 v.

WASHINGTON STATE PENITENTIARY,

      Respondent.

CASE NO. 3:19-cv-05991-RJB-JRC

ORDER TO AMEND § 2254 PETITION

  The District Court referred this matter filed under 28 U.S.C. § 2254 to the undersigned. *See* Dkt. 2. The matter is before the Court on petitioner's petition for a writ of habeas corpus, of which the Court must conduct a preliminary review to determine whether it plainly appears that petitioner is not entitled to relief. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

  The petition is deficient in several respects. First, petitioner names "Washington State Penitentiary" as respondent, but the proper respondent is the person having custody over

ORDER TO AMEND § 2254 PETITION - 1

respondent (such as the superintendent), not the institution where he is incarcerated. *See* Dkt. 8, at 1; *see also* Rule 2(a), § 2254 Rules.

Second, in order to determine the District in which venue is proper, the Court must know the name of the state superior court that convicted petitioner. *See* 28 U.S.C. § 2241(d). Petitioner does not provide the name of the superior court that convicted him. *See* Dkt. 8, at 1.

Third, petitioner must specify "the facts supporting each ground" for relief that he alleges. Rule 2(c), § 2254 Rules. Here, petitioner appears to allege a violation of his Sixth Amendment right to the effective assistance of counsel. Dkt. 8, at 5. However, he states only the standard for evaluating such a claim without providing facts about how his counsel was allegedly deficient. *See* Dkt. 8, at 5. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (internal citation omitted). Petitioner must explain to the best of his abilities how his counsel was ineffective.

If petitioner intends to pursue this § 2254 action, he must file an amended petition on the form provided by the Court. The amended petition must be legibly written or typed in its entirety. It should be an original, not a copy. It should contain the case number, and it may not incorporate any part of the original petition by reference. The amended petition shall operate as a complete substitute for the original petition. The amended petition must name the correct respondent, answer the questions on the form to the best of petitioner's ability, and specify the facts underlying petitioner's grounds for relief.

If petitioner fails to comply with this order on or before **April 30, 2020**, the undersigned will recommend dismissal of this action.

The Clerk shall provide petitioner with the appropriate form for a § 2254 habeas petition.

Dated this 31st day of March, 2020.

J. Richard Creatura
United States Magistrate Judge