1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD JAMES HARRIS,

               Petitioner,

    v.

WASHINGTON STATE
PENITENTIARY,

               Respondent.

CASE NO. 3:19-cv-05991-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  June 5, 2020

       The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

       On March 31, 2020, the undersigned conducted a preliminary review of petitioner's § 2254 petition.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned noted multiple deficiencies in petitioner's petition preventing the Court from directing service and filing of an answer:  (1) petitioner had not named the correct

respondent; (2) the Court was unable to ascertain that petitioner brought the matter in the correct venue because petitioner had not named the superior court that convicted him; and (3) plaintiff's vague assertion of ineffective assistance of counsel was inadequate to inform the Court of the facts supporting that ground. *See* Dkt. 9, at 2.

The undersigned directed the Clerk's Office to send petitioner the blank § 2254 petition form and warned petitioner that "[i]f petitioner intends to pursue this § 2254 action, he must file an amended petition on the form provided by the Court" and that "[i]f petitioner fails to comply with this order on or before **April 30, 2020**, the undersigned will recommend dismissal of this action." Dkt. 9, at 2 (emphasis in original).  However, petitioner has not taken any action in response to the Court's show cause order, and the deadline in which to do so has passed. Therefore, the undersigned recommends dismissal of this matter without prejudice for failure to prosecute and comply with a Court Order.

As petitioner has not prosecuted this case, the Court finds that petitioner has failed to demonstrate that jurists of reason could disagree with the resolution of any constitutional claims or that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Therefore, the undersigned also recommends that no certificate of appealability under 28 U.S.C. § 2253(c) be issued. *See Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 5, 2020, as noted in the caption.

Dated this 15th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge